


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DEREK LEE YOUNG, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:13-CV-142-A |
| | § | |
| WILLIAM STEPHENS, Director,[1] Texas Department of Criminal Justice, Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Derek Lee Young, a state prisoner currently incarcerated in Huntsville, Texas, against William Stephens, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

---

[1]Effective June 1, 2013, William Stephens succeeded Rick Thaler as the Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Rule 25 of the Federal Rules of Civil Procedure, Director Stephens "is automatically substituted as a party." Fed. R. Civ. P. 25(d) (West 2013).

## I. Factual and Procedural History

On May 11, 2009, pursuant to a plea agreement, petitioner waived his right to a jury trial, pleaded guilty to aggravated robbery and was sentenced to twelve years' imprisonment in Case No. 1114354D in Tarrant County, Texas. (SHR at 112-17[2]) Petitioner did not directly appeal his conviction. He did however, on April 7, 2010, file a state habeas application challenging his conviction, which was denied by the Texas Court of Criminal Appeals on July 11, 2012, without written order on the findings of the trial court.[3] (SHR at cover, 12) This federal petition for habeas relief challenging the 2009 conviction is deemed filed on February 19, 2013.[4] (Pet. at 10) Respondent contends the petition is untimely. (Resp't Prel.

---

[2]"SHR" refers to the state court record in petitioner's state habeas application no. WR-24,932-02.

[3]Petitioner's state habeas application is deemed filed when placed in the prison mail system, *see infra* note 4. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The application does not state the date petitioner placed the document in the prison mailing system, however the "Inmate's Declaration" on the application was signed by petitioner on April 7, 2010; thus, the state application is deemed filed on April 7, 2010.

[4]A pro se habeas petition filed by an inmate is deemed filed when the petition is placed in the prison mail system for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

Resp. at 4-8)

## II. Issues

Petitioner raises four ineffective assistance of counsel claims in which he asserts counsel was ineffective because she (1) failed to move for a competency hearing prior to trial given his "lengthy mental health history," (2) had a conflict of interest as she was bound by a previous agreement with the District Attorney's Office not to provide copies of police reports to her clients; (3) gave erroneous advice with regard to sentencing guidelines if convicted of a state jail felony at trial; and (4) induced and coerced petitioner to plead guilty based on threats of a lengthy sentence. (Pet. at 6-7)

## III. Statute of Limitations

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in

> violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Because petitioner's claims involve counsel's acts or omissions prior to and during the plea proceedings, subsection (A) applies to this case, under which the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.[5] For purposes of this provision, the judgment of

---

[5]There are no allegations that the state imposed an unconstitutional impediment to the filing of petitioner's petition for federal relief, that the Supreme Court has announced a new rule(s) applicable to his claims, or that the factual predicate of his claims could not have been discovered sooner through the exercise of due diligence. Therefore, the statutory exceptions embodied in § 2244(d)(1)(B)-(D) do not apply.

conviction became final upon expiration of the time petitioner had for filing a timely notice of appeal on June 10, 2009. Therefore, the limitations period commenced the next day and closed one year later on June 10, 2010, absent any applicable tolling. *See* TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

According to this court's calculations, petitioner's state habeas application, pending from April 7, 2010, through July 11, 2012,[6] tolled the limitations period 826 days under § 2244(d)(2), making his federal petition due on or before September 13, 2012.[7]

---

[6]Respondent incorrectly states that petitioner's state habeas application was pending from April 13, 2010, through May 11, 2012, tolling the limitations period for 760 days. (Resp't Prel. Resp. at 5)

[7]Although the court's website indicates petitioner filed a motion for reconsideration or rehearing on August 16, 2012, following the Texas Court of Criminal Appeals's denial of his state habeas application, the motion was untimely under state law and the court made no ruling on the motion. *See* TEX. R. APP. P. 79.1 ("A motion for rehearing may be filed with the Court of Criminal Appeals clerk within 15 days from the date of the judgment or order."). Thus, petitioner is not entitled to additional tolling during the pendency of the motion. *See Martin v. Thaler*, Civil Action No. 4:11-CV-447-Y, 2012 WL 1694248, at *1 (N.D.Tex. May 15, 2012). *Compare Hooks v. Quarterman*, 224 Fed. Appx. 352, 2007 WL 1026413 at *1 (5th Cir. Mar. 30, 2007) (properly filed motion for rehearing or reconsideration tolls limitations period even if Court of Criminal Appeals does not consider the motion); *Emerson v. Johnson*, 243 F.3d 931, 934-35 (5th Cir. 2001) (properly filed "suggestion for reconsideration" tolls limitations period).

Therefore, petitioner's petition filed on February 19, 2013, is untimely, unless petitioner demonstrates he is entitled to additional tolling as a matter of equity.

Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Holland v. Florida*, – U.S. – , 130 S. Ct. 2549, 2560 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Petitioner did not reply to respondent's preliminary response within the time allowed or otherwise assert a reason for his failure to file his petition in a timely manner. Nor is there any evidence whatsoever in the record that petitioner was prevented in some extraordinary way from asserting his rights in federal court.[8]

[8]Although the Fifth Circuit has recognized the possibility that mental incompetency might support equitable tolling, petitioner's general claim that he has a "lengthy mental health history" is too vague. Petitioner does not specify the nature of his mental illness, the degree of incapacity, the specific medications he was taking during the relevant time period, or the length of time he has suffered from the condition. Conclusory allegations of mental illness will not support equitable tolling in the absence of evidence demonstrating that such condition or illness rendered the petitioner unable to pursue his legal rights in a timely manner. *Fisher v. Johnson*, 174 F.3d 710, 715-16 (5th Cir. 1999). Other than a mere assertion that he has a history of mental illness, petitioner provides no evidentiary basis for this court to conclude that his mental state was so impaired during the relevant time period that he could not pursue his legal remedies before the expiration of the statute of limitations.

Accordingly, this is not a case where the petitioner should benefit from equitable tolling.

Petitioner's federal petition was due on or before September 13, 2012, therefore his petition filed on February 19, 2013, was filed beyond the limitations period and is untimely.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not demonstrated his petition is timely and has not made a substantial showing of the denial of a constitutional right.

SIGNED June 10, 2013.

JOHN McBRYDE
UNITED STATES DISTRICT JUDGE